UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**KERRY LAYON LINZY (#1018197),**

          **Petitioner,**

v.

                                               Case No. 2:23-cv-177

**HAROLD W. CLARKE, Director**
**Virginia Department of Corrections,**

          **Respondent.**

**REPORT AND RECOMMENDATION**

Petitioner Kerry Layon Linzy ("Linzy" or "Petitioner"), a Virginia inmate currently incarcerated at Deerfield Correctional Center, filed this federal habeas petition under 28 U.S.C. § 2254, challenging the calculation of his active sentence and his projected release date. Respondent moved to dismiss the petition, (ECF No. 10), and the matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure.

After reviewing the record, I find that Petitioner failed to exhaust his state remedies, his petition is time-barred, and lacks merit. Accordingly, this Report RECOMMENDS that the Court GRANT Respondent's Motion to Dismiss (ECF No. 12) and DISMISS the Petition (ECF No. 1) with prejudice.

## I.     STATEMENT OF THE CASE

Petitioner Linzy filed a pro sé petition for writ of habeas corpus with this court pursuant to 28 U.S.C. § 2254, challenging the calculation of his active sentence. Petition (ECF No. 1). Linzy argues that his projected release date of May 10, 2027,[1] is incorrect because the VDOC has not credited him with the appropriate amount of jail credits for time served pending sentencing and good time credit ("GTC"). Id. at 14. Respondent Harold W. Clarke ("Respondent") filed an Answer, (ECF No. 11). Respondent and moved to dismiss the Petition, (ECF Nos. 10, 12), asserting that (1) Petitioner failed to exhaust his state court remedies, (2) the Petition is time-barred under 28 U.S.C. § 2244(d), and (3) the Petition lacks merit. Respondent's Mem. Supp. Mot. to Dismiss ("Respondent's Mem.") (ECF No. 12, at 1–7). In support of his Motion, Respondent included the Affidavit of Donna Shiflett, Manager of the Court & Legal Services Section for the VDOC,[2] that summarized the calculation of Linzy's sentence resulting in his projected release date. Id. Ex. 1 ("Shiflett Affidavit") (ECF No. 12-1). In conjunction with his Motion, and in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and Local Rule 7(J), Respondent filed an appropriate notice to Linzy. (ECF No. 13). Linzy did not respond.

Linzy is incarcerated and serving a total sentence of twenty-two years and fourteen months. Petition (ECF No. 1, at 1). His sentence includes convictions from 2007, 2008, 2009, and 2010. Donna Shiflett's Affidavit describes each of Petitioner's convictions and the corresponding time sentenced. See Shiflett Affidavit (ECF No. 12-1). Specifically, on April 3,

---

[1] As a general matter, an inmate's projected release date is subject to change during the course of his or her incarceration. It is not clear that Linzy can state a due process claim for every alleged error affecting his release date. See infra n. 5. In light of the recommended dispositions, it is not necessary for this report to fully address that question here.

[2] Court & Legal at VDOC is responsible for computing an inmate's sentence and projecting a release date. See Shifflett's Affidavit (ECF No. 12,-1, at ¶ 1).

2007, the Williamsburg/James City County General District Court revoked the suspension of Linzy's sentence for accessory after the fact in a felony, and sentenced Linzy to eight (8) months of confinement. See id. at ¶ 4. This is a misdemeanor sentence for less than one year, and thus is not parole eligible. Id. On February 21, 2008, the York-Poquoson Circuit Court sentenced Linzy to the following:

> "a) Robbery: Business W/ Use of Gun or Simulated Gun (CR07-4846-01) and sentenced him to 50 years with 41 years suspended, for a net sentence of 9 years;
>
> (b) Firearm: Use in Commission of Felony, 1st Offense (CR07-4846-02) and sentenced him to 3 years;
>
> (c) Unauthorized Use: Animal/Vehicle/Etc. Larceny (CR07-4846-03) and sentenced him to 5 years totally suspended; and
>
> (d) Law Enforcement Command: Disregard or Elude, Endanger: Docket CR07-4846-05 and sentenced him to 5 years totally suspended."

Id. at ¶¶ 5(a)–(d). Two years later, on May 5, 2010, the Isle of Wright Circuit Court revoked Linzy's sentence that was previously suspended for grand larceny, and sentenced him to six (6) years. Id. at ¶ 6. On June 2, 2010, the Newport News Circuit Court revoked Petitioner's sentence that was previously suspended for assault and battery of a law enforcement officer, and sentenced Linzy to four years and six months. Id. at ¶ 7.

On August 13, 2010, Linzy became a state responsible inmate and began serving his combined 22 year and 14 month sentence. Id. at ¶ 8. Linzy was issued his VDOC number, and his Custody Responsibility Date ("CRD") is August 13, 2010. Id. After an inmate is issued his or her VDOC number, as explained by Donna Shiflett, "jail credit forms are prepared by local jail personnel and forwarded to the Court & Legal services division pursuant to Virginia Code § 19.2-310." Id. at ¶ 9. Once the jail credit forms are received by Court & Legal services, the inmate's "time spent in jail is researched to determine the appropriate application of the credit

3

towards the sentence imposed under a given incarceration and credit towards the inmate's prison sentence pursuant to Virginia Code § 53.1-198." Id. Prison staff then provide the inmate with his or her Legal Update Sheet. Id. at ¶.

The VDOC credited Linzy with 1249 days of presentence jail credit for time served in 2007, 2008, 2009, and 2010. Id. at ¶ 10; see also Linzy's Summary Audit Enclosure B to Shiflett's Affidavit (ECF No. 12-1, at 9–12). The jail credit was calculated as follows:

| Date Range | Days | Facility |
|---|---|---|
| 3/13/2007 – 3/21/2007 | 8 days | Virginia Peninsula Regional Jail |
| 3/21/2007 – 3/23/2007 | 2 days | Newport News City Jail |
| 3/23/2007 - 4/27/2007 | 35 days | Virginia Peninsula Regional Jail |
| 4/27/2007 – 4/30/2007 | 3 days | Newport News City Jail |
| 4/30/2007 – 6/28/2007 | 59 days | Virginia Peninsula Regional Jail |
| 6/28/2007 – 6/29/2007 | 1 day | Newport News City Jail |
| 6/29/2007 – 8/21/2007 | 53 days | Virginia Peninsula Regional Jail |
| 8/21/2007 – 8/22/2007 | 1 day | Newport News City Jail |
| 8/22/2007 – 8/28/2007 | 6 days | Virginia Peninsula Regional Jail |
| 8/28/2007 – 8/30/2007 | 2 days | Western Tidewater Regional Jail |
| 8/30/2007 – 10/19/2007 | 50 days | Virginia Peninsula Regional Jail |
| 10/19/2007 – 10/22/2007 | 3 days | Newport News City Jail |
| 10/22/2007 – 1/29/2008 | 99 days | Virginia Peninsula Regional Jail |
| 1/29/2008 – 1/31/2008 | 2 days | Western Tidewater Regional Jail |
| 1/31/2008 – 2/22/2008 | 22 days | Virginia Peninsula Regional Jail |
| 2/22/2008 – 3/10/2008 | 17 days | Newport News City Jail |
| 3/10/2008 – 4/30/2008 | 51 days | Hampton Roads Regional Jail |
| 4/30/2008 – 6/23/2008 | 54 days | Central State Hospital |
| 6/23/2008 – 5/15/2009 | 326 days | Hampton Roads Regional Jail |
| 5/15/2009 – 7/28/2009 | 74 days | Central State Hospital |
| 7/28/2009 – 8/13/2010 | 381 days | Hampton Roads Regional Jail |

Shiflett Affidavit (ECF No. 12-1, at 3–4).

Virginia Code §§ 53.1-202.2 through 53.1-202.4 also establishes a system of Earned Sentence Credit ("ESC"), which applies to felony offenses committed on or after January 1, 1995. Id. at ¶ 11. Virginia Code §§ 53.1-198 through 53.202.1 establishes a system of Good Conduct Allowance ("GCA"), which applies to felony offenses committed prior to January 1, 1995, and misdemeanor offenses. Id. at ¶ 12. "Inmates serving their sentences based on the

4

GCA system earn good time in one of four good time earning levels with rates ranging from 0 to 30 days of good time for every 30 days served." Id.

During his 2007 misdemeanor sentence, Linzy earned thirty days (30) of GCT for every thirty (30) days served. Id. at ¶ 13. In total, Linzy earned 206.525 days of GCT. Id. Out of these credits, 122 days were applied toward his misdemeanor sentence, and 84.525 days were awarded towards ESC sentences prior to Linzy's CRD date (August 13, 2010). Id. at ¶ 15.

On August 13, 2010, when Linzy became a state responsible inmate, he began earning sentence credit on his felony sentences at a rate of 4.5 days earned for every 30 days served. Id. at ¶ 16. Because an inmate's projected future time to serve chains as good conduct time is earned, Court and Legal Services provide inmates with Legal Update Sheets that reflect any changes in sentence computation. Id. at ¶ 18. Thus, if an inmate's sentence remaining to serve is increased or decreased, Court and Legal Services provide that inmate with a Legal Update Sheet reflecting that change. Court and Legal Services have generated seven Legal Update Sheets for Linzy, and Donna Shiflett asserts that Linzy received a copy of each one after they were generated. Id. at ¶ 10. Linzy's Legal Updates were dated: February 2, 2011; May 12, 2011; November 16, 2011; January 8, 2013; January 23, 2019; May 2, 2020, and March 14, 2022. Id. at ¶ 18. In his state Petition, Linzy acknowledges receiving a Legal Update Sheet at his annual review. Kerry Lavon. Linzy v. Harold W. Clarke, No. CL22-2472, Va. Cir. Ct. (York County Poquoson) (Petition, at 5).

On February 24, 2022, twelve years after his CRD of August 13, 2010, Petitioner filed for a writ of habeas corpus in York-Poquoson Circuit Court. Respondent's Mem. (ECF No.12, at 1). Petitioner argued that his sentence was miscalculated because he was not "provided with [his] entitled jail good time credit for time spent awaiting trial," and the VDOC improperly

5

calculated his GCT. Linzy, Va. Cir. Ct. (Petition, at 4). By final order on March 1, 2023, the York-Poquoson Circuit Court denied and dismissed the petition.[3] Petitioner did not perfect an appeal.

Linzy filed his federal petition for habeas corpus relief on April 28, 2023. Petition (ECF No. 1). Linzy's federal petition, like his state petition, alleges that he was denied credit for pre-sentencing custody, not awarded the proper good conduct time, and thus his sentence must be re-calculated. Id. at 1–22. Linzy contends that only "206 presentence days [were] credited toward" his fourteen (14) month misdemeanor sentence, leaving "1043 presentence days left to be credited toward his 22 [year] sentence." Petition (ECF No. 1, at 16–18). Accounting for the alleged missing jail credits, Linzy believes his anticipated release date should be December 13, 2026—not May 10, 2027. Id. at 18.

Linzy also argues that he is entitled to an additional "1188 days [of] good conduct time," and VDOC should "deduct 2.8 years and 18 days from" December 13, 2026, rendering his ultimate release date April 5, 2024. Id. at 20. In his Petition, Linzy states that he did not pursue further relief in state court because "under Va. Code § 1950[,] state courts do not have jurisdiction over the matter." Id. at 6.

Respondent timely filed an answer in accordance with Rule 5 and moved to dismiss the Petition. Rule 5 Response (ECF No. 11), Mot. to Dismiss (ECF No. 10). Respondent argues that Linzy failed to exhaust state court remedies, his claims are time-barred, and his claims are without merit. Respondent's Mem. (ECF No. 12, at 3–7). Respondent notified Linzy of his opportunity to oppose the Motion to Dismiss and the consequences for failing to do so (Roseboro

---

[3] Petitioner and Respondent contend that the York County Poquoson Circuit Court denied and dismissed Linzy's state petition on April 18, 2022. See Petition (ECF No. 1), and Respondent's Mem. (ECF No. 12, at 2). Both parties are incorrect, as the Circuit Court granted Respondent's Motion for Enlargement of Time on April 12, 2022. See Linzy, Va. Cir. Ct. (Order, at 29) (Apr.12, 2022)). The Circuit Court denied and dismissed Linzy's petition on March 1, 2023. Id. at 60.

Notice, ECF No 13); see Local Rule 7(k); Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975). Linzy did not respond. This matter is now ripe for review.

## II.  LEGAL STANDARD

A motion to dismiss "challenges the legal sufficiency of a complaint considered with the assumption that the facts alleged are true." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (internal citations omitted) (discussing Fed. R. Civ. P. 12(b)(6)); see also Goard v. Crown Auto, Inc., 170 F. Supp. 3d 915, 917 (W.D. Va. 2016) (noting that a "motion to dismiss tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim"). A complaint is subject to dismissal if it does not "contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Ashcroft v. Iqbal. 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (cleaned up)). Factual allegations cannot require speculation or merely be conceivable. See Iqbal. 556 U.S. at 678; Twombly, 550 U.S. at 555. This inquiry is "context-specific." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009).

In considering a motion to dismiss, the "court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." E. I. du Pont de Nemours & Co. v. Kolon Indus.. Inc., 637 F.3d 435, 440 (4th Cir. 2011) (citing Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007); Phillips v. LCI Int'l Inc., 190 F.3d 609, 618 (4th Cir. 1999)). The court "may consider documents attached to the complaint or the motion to dismiss so long as they are integral to the complaint and authentic." Kensington Volunteer Fire Dep't. Inc. v. Montgomery Cnty.. 684 F.3d 462, 467 (4th Cir. 2012) (quoting Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176. 180 (4th Cir. 2009)) (cleaned up) .

### III. ANALYSIS

Petitions for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254 challenge a state's custody over a petitioner on the grounds that such custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In this case, Linzy argues his release date was miscalculated because it fails to incorporate presentence jail credit and good time credit. But Linzy failed to exhaust his state remedies, his claim is time-barred in federal court, he offers no valid reason to excuse his untimely filing. Finally, his claim lacks merit. This Report thus RECOMMENDS the court GRANT Respondent's Motion to Dismiss, (ECF No. 10), and DISMISS Linzy's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, (ECF No. 1).

**A.     Linzy Failed to Exhaust his State Court Remedies.**

Before applying for federal habeas relief, a petitioner must first exhaust the remedies available in state court or demonstrate the absence or ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1). The purpose of exhaustion is "to give the State the initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (internal quotation and citation omitted).

Exhaustion entails two aspects. First, a petitioner "must exhaust all available state remedies before he can apply for federal habeas relief." See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) (citing Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997), cert. denied. 139 L. Ed. 2d 57, 118 S. Ct. 102 (1997)). A petitioner will not be deemed to have exhausted his state remedies if he has the right under state law to raise the question. 28 U.S.C. § 2254(c). Second, "a habeas petitioner must fairly present his claim to the state's highest court." Matthews, 105 F.3d at 911 (4th Cir. 1997) (citing Spencer v. Murray, 18 F.3d 237, 239 (4th Cir. 1994)); see also Baldwin v. Reese, 541 U.S. 27, 29, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004) ("To provide the

State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim."). Fair presentation requires that "both the operative facts and the controlling legal principles must be presented to the state court." Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000) (quoting Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997)). "The burden of proving that a claim has been exhausted lies with the petitioner." Matthews, 105 F.3d at 911 (citing Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994)).

Linzy does not allege any facts which would permit the Court to find that he has exhausted his claims. The York-Poquoson Circuit Court denied and dismissed Linzy's state petition on March 1, 2023. Linzy stated that he did not pursue an appeal because "state courts do not have jurisdiction over the matter pursuant to Va. Code § 1950." Petition (ECF No. 1, at 5). However, contrary to his belief, Linzy had the right under Virginia law to appeal the York-Poquoson Circuit Court decision. In fact, Linzy was required, absent demonstrating futility, to perfect an appeal before seeking federal habeas relief. The York-Poquoson Circuit Court did not find that it lacked jurisdiction over Linzy's petition, nor did the court otherwise procedurally bar Linzy's claim. See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (explaining that when a claim <u>has not been presented</u> in state court, it may nevertheless be treated as exhausted "if it clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court."). In its order denying Linzy's state petition, the York-Poquoson Circuit Court relied on the arguments set forth in the briefing—which asserted that Linzy's sentence had been properly calculated. Linzy, Va. Cir. Ct. (Respondent's Mot. Dismiss, at 33–45). Consequently, there is no evidence before this court that Linzy was barred from pursuing an

appeal, nor has Linzy demonstrated that an appeal would have been ineffective or futile. As such, Linzy's claim has not yet been exhausted and is barred from federal review. See Baker v. Corcoran, 220 F.3d at 289.

**B.     Linzy's Petition is Time-Barred.**

Even if Linzy satisfied the exhaustion requirement—which he did not—his claims would nonetheless be time-barred. The Anti-Terrorism and Effective Death Penalty Act or 28 U.S.C. § 2244 created a one-year statute of limitations for prisoners seeking federal habeas relief for a state conviction. A district court is required to dismiss any petition for writ of habeas corpus filed more than one year after (i) the date judgment becomes final; (ii) any state-created impediment to filing a petition is removed; (iii) the United States Supreme Court recognizes the constitutional right asserted; or (iv) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). The one-year limitation tolls while any state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2).

Because Linzy challenges the calculation of his sentence, § 2244(d)(1)(D) controls the date on which the limitations period commences. Petitioner challenges the calculation of his sentence on two grounds: (1) his sentence does not include the appropriate amount of jail credits for time served, and (2) the VDOC did not accurately credit his good time days. See Petition (ECF No. 1). As explained below, the factual predicate for these arguments differs. Nonetheless, the statute of limitations expired on both grounds before Linzy filed his state petition.

The limitations period for Linzy's argument that he was denied proper jail credits began running on the date Linzy could have discovered, through the exercise of due diligence, that his sentence was miscalculated in the way he describes. Thus, Linzy's one year statute of

limitations period likely began August 13, 2010—the date on which he became a state responsible inmate and was informed of the jail credit that would apply to his sentence. Id. at 6; see also Shiflett Affidavit (ECF No. 12-1, at ¶ 18). Petitioner does not allege that VDOC failed to timely notify him of his accumulated jail credit, nor does he contend that he was unaware of the jail credit applied to his sentence. According to Shiflett's Affidavit, which Petitioner did not reply to, since August 13, 2010, Court & Legal Services have generated seven (7) legal updates regarding Petitioner's time computation record, and all updates were, to the best of Shifflett's knowledge, provided to Petitioner. Shifflett Affidavit (ECF No. 12-1, at ¶ 18). Two of these legal updates, dated February 10, 2011, and May 12, 2011, were transmitted to Petition before his one-year limitations period expired. Id. Linzy's limitation period thus ended in 2011, or the latest 2012, and he could no longer timely challenge the application of jail credits to his sentence.

The limitations period for Linzy's second argument—that the VDOC did not accurately calculate his good time credit—began running on the date Linzy was informed of his good conduct earning class. "Legal Update sheets showing jail good time credits and parole eligibility dates are appropriate sources for petitioners to discover the factual predicate of their" good conduct time claims. See Knight, 2012 U.S. Dist. LEXIS 105368, 2012 WL 3068777, at *2 (E.D. Va. May 31, 2012).

In his state petition, Linzy admits receiving a VDOC Legal Update Sheet which included his CRD, his good credit earning class, and his estimated good time release. Linzy, Va. Cir. Ct. (Petition, at 10). Although Linzy does not state when he received this Legal Update, he does not allege that the VDOC failed to timely provide him with Legal Update Sheets. According to Shiflett's Affidavit, since August 13, 2010, Court & Legal Services have generated seven (7) Legal Update Sheets for Linzy. Shifflett Affidavit (ECF No. 12-1, at ¶ 18). The Sheets were

created on February 2, 2011, May 12, 2011, November 16, 2011, January 8, 2013, January 23, 2019, May 2, 2020, and March 14, 2022. Id.

Linzy did not dispute Shiflett's claim that prison staff provided him with a copy of each Legal Update Sheet. Shifflett Affidavit (ECF No. 12-1, at ¶ 18). Assuming Petitioner received a Legal Update sheet in 2011, Petitioner's limitations period began upon receipt of the Update and ran for one year. Petitioner filed his state habeas petition on February 24, 2022—far beyond Linzy's limitations period. Even assuming Petitioner did not receive a Legal Update until January 2021, his petition would still be time-barred.

Petitioner believes he is entitled to statutory tolling because the instant Petition "falls within the one year time limitation" as it "was originally filed in state court and dismissed April 12, 2022." Petition (ECF No. 1, at 15). Under § 2244(d)(2), the one-year limitation is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2) tolls the one-year limitation only when a state court collaterally reviews a state court judgment pursuant to which the petitioner is in custody. See Lawrence v. Florida, 549 U.S. 327, 332, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007) ("[T]he text of the statute must mean that the statute of limitations is tolled only while state courts review the application." (emphasis added)); Wall v. Kholi, 562 U.S. 545, 553, 131 S. Ct. 1278, 179 L. Ed. 2d 252 (2011) (defining "State post-conviction or other collateral review" as "judicial reexamination of a judgment or claim [related to the fact of a petitioner's confinement] in a proceeding outside of the direct review process").

Here, the state Order dismissing Linzy's petition was not filed until March 1, 2023, but even taking that delay into account, Linzy is not entitled to statutory tolling. Linzy did not file his state habeas petition with the Circuit Court until February 24, 2022, several years after the

federal limitations period concluded. As a result, his state habeas petition did not toll the federal statute of limitations. See Harris v. Hutchinson, 209 F.3d 325, 327-28 (4th Cir. 2000); Edwards v. Warden, 2013 U.S. Dist. LEXIS 112055, 2013 WL 4040393 at *2 (E.D. Va. Aug. 8, 2013).

In exceptional cases, equitable tolling of the statute of limitations applies when a litigant establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 413, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). The Fourth Circuit limits equitable tolling to those rare circumstances when impediments external to the petitioner's conduct prevent a timely filing. See Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014). Here, Linzy has not argued for equitable tolling, nor is there any evidence in the record to warrant it.

### C.     Linzy's Petition Lacks Merit.

Finally, to the extent that Linzy argues his sentence was miscalculated and he is not otherwise procedurally defaulted from bringing this Petition, such arguments lack merit. To obtain review in this court, Linzy would have to show that the state court's decision rejecting his habeas petition and affirming his projected release date was based on an unreasonable finding of fact. See Burgess v. Clarice, No. 218cv479, 2019 WL 2297292, at *6 (E.D. Va., Apr. 11, 2019). A state court makes an unreasonable determination of fact when its application of the law depends, in whole or in part, on a factual finding that is not supported by evidence in the record. See Wiggins v. Smith, 539 U.S. 510, 528, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003).

Linzy claims the VDOC miscalculated his release date and failed to include the proper presentence jail credits and earned good time credit. See Petition (ECF No. 1). His disagreement is premised on a calculation of his own. According to Linzy, he accumulated 1249 days of presentence credit, but was only credited with 206 days of presentence credit. Petition

(ECF No. 1, at 18). Linzy believes he is entitled to 1043 presentence day credits, and his release date should be adjusted to reflect these credits. Id. Linzy argues his release date should be December 13, 2026—not May 10, 2027.[4] Id.

Although the mathematics are somewhat complicated,[5] the error in Linzy's calculation is based on a misunderstanding of when his presentence credits and good time credits were added to his sentences. Prior to August 13, 2010, Linzy earned 1249 days of jail credits. See Shiflett Affidavit (ECF No. 12-1, at ¶ 14). On August 13, 2010, Linzy's CRD, the VDOC applied these presentence credits to Linzy's 22 years and fourteen-months sentence. See Shiflett Affidavit (ECF No. 12-1, at ¶¶ 8, 19). After incorporating these presentence credits, the VDOC then notified Linzy that his projected release date is May 10, 2027. Id. (ECF No. 12-1, at 5). Linzy's estimated release date thus already included his presentence credits, and the VDOC credited Linzy with all 1249 credits he was due. Linzy also confuses his presentence jail credits with his good time credits. Linzy believes "206 presentence days [were] credited toward" his fourteen-month guilty sentence, "leaving 1043 presentence days left to be credited toward his 22 [year] sentence." Petition (ECF No. 1, at 18). Before August 13, 2010, Linzy earned 206.525 good time credits—not presentence jail credits. Id. at 15. Out of these good time credits, 122 credit days were applied to Linzy's 2007 GCA misdemeanor sentence, and 84.525 days were applied to his ESC sentences before his CRD date. Id. at 15. Shiflett confirms that Linzy's sentences "have been accurately computed in accordance with applicable Virginia statutes and time

---

[4] Linzy also argues that he is owed 1188 GCT days for time served from "August 13, 2010, to March 13, 2029," and thus his estimated release date should be adjusted from December 13, 2026, to April 5, 2024. Petition (ECF No. 1, at 20). However, Linzy cannot earn GCT for time he has not yet served. See Higdon v. Jarvis, No. 7:11cv330, 2012 WL 738731, at *16 (W.D. Va., Mar. 5, 2012) ("Logically, petitioner cannot challenge future ESC that he had not yet earned when he filed [his] petition … Petitioner also cannot challenge anticipated release dates for his present and future sentences because these sentences are subject to future events that may never occur.").

[5] For a detailed discussion of how the VDOC calculates an inmate's projected release date, see Burgess, 2019 WL 2297292, at *7–14.

computation practices, and he has been credited with the appropriate amount of jail credit and jail good time." Shiflett Affidavit (ECF No. 12-1, at ¶ 19).

## IV. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Respondent's Motion to Dismiss (ECF No. 10) be GRANTED, and Linzy's Petition (ECF No. 1) DISMISSED with prejudice.

## V. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
December 15, 2023

16

## **Clerk's Mailing Certificate**

A copy of the foregoing Report and Recommendation was mailed this date to:

**Kerry Layon Linzy**
[No. 1018197]
VA DOC Centralized Mail Distribution Center
3521 Woods Way
State Farm, VA 23160


and an electronic copy was provided to:

**Debra Marie Bryan**
Virginia Office of the Attorney General
202 North 9th Street
Richmond, VA 23219


Fernando Galindo, Clerk

By ___J.L. Meyers___
Deputy Clerk

___December 15___, 2023